IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ARTHUR O. ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:09CV15 |
| | ) |
| CITY OF DURHAM, DURHAM CITY POLICE DEPARTMENT, JOHN DOE, M.H. GOODWIN, COUNTY OF DURHAM, JOHN DOE, and JOHN DOE #1, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Arthur O. Armstrong has filed a *pro se* complaint in this court, naming the City of Durham, the County of Durham, and other persons and entities as Defendants. Plaintiff Armstrong, who has previously been found by the court to be guilty of "repetitive and abusive conduct" in civil litigation, is the subject of a long-standing "Order and Injunction" and "Order Amending Injunction" issued by this Court designed to "stop the proliferation of frivolous and wasteful litigation by Plaintiff." *Armstrong v. Koury*, No. 1:97CV1028 (M.D.N.C. June 12, 1998, Feb. 8, 2001). Under the governing terms of the amended injunction,

> [U]pon filing of new proceedings accompanied by the filing fee, the Plaintiff shall not serve summonses or copies of the complaint upon defendants unless

and until the court enters an order authorizing Plaintiff Arthur O. Armstrong to proceed. The court will issue the order to proceed only if it determines that the litigation is not repetitious and not frivolous. The court may, on its own initiative, dismiss non-meritorious claims.

*Id.*, Docket No. 48 at 2.

In the complaint before the court, Plaintiff Armstrong alleges violation of his constitutional rights. He alleges that a Durham police officer unlawfully stopped the Plaintiff for speeding 71 in a 55 mile per hour zone, and made a false police report on or about January 12, 2000. He states that the speeding charge was dismissed by the Superior Court on May 25, 2000. Plaintiff further alleges that on November 30, 2000, the clerk of court made false reports that plaintiff had failed to appear. Plaintiff prays for judgment against the several named Defendants in the amount of $100,000,000.00.

Under the terms of the injunction in force with regard to Plaintiff Armstrong, the court must conduct a review to determine if it is clear that the claims attempted by Plaintiff are non-meritorious. In circumstances wherein the court conducts a frivolity review, the court may anticipate obvious affirmative defenses. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). A claim that is obviously subject to a dispositive affirmative defense is "non-meritorious" within the scope of the injunction applicable to Plaintiff Armstrong.

Plaintiff's claims against Defendants accrued no later that November 30, 2000. He filed his complaint in this court on January 6, 2009, more than 8 years after the events he places in issue. As Plaintiff recognizes, his complaint for violation of his constitutional

rights by persons acting under color of state law is a proceeding brought under 42 U.S.C. § 1983. The applicable statute of limitations regarding § 1983 claims is three years. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Cole v. Cole*, 633 F.2d 1083, 1091-92 (4th Cir. 1980). Accordingly, it is apparent that Plaintiff's complaint was filed more than five years after expiration of the statute of limitations governing his claims. His claims are therefore "non-meritorious" and should be dismissed pursuant to the injunction limiting the initiation of civil litigation by Plaintiff.

## CONCLUSION

For reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: December 30, 2011